UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTONIO NATHANIEL SPEED, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-665-RWS |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Antonio Nathaniel Speed (registration no. N/A) for leave to commence this action without payment of the required filing fee. Plaintiff claims that the Jennings City Jail, where he is presently confined, refuses to provide him with a certified copy of his prisoner account statement. Under these circumstances, the Court will grant plaintiff's motion and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a federal prisoner currently confined at the Jennings City Jail, seeks monetary relief in this 42 U.S.C. § 1983 action against the United States Department of Justice ("DOJ") and the City of Jennings, Missouri. Plaintiff's allegations concern the practice of his Muslim religion, his access to legal materials, and the confidentiality of his legal mail at the Jennings City Jail. In this regard, plaintiff summarily alleges that (1) the DOJ "supported the policy and custom" of George Peck, who plaintiff alleges is the head United States Marshal Service for the Eastern District of Missouri, when he entered into a contract with the City of Jennings to hold federal detainees in the Jennings City Jail, knowing that the Jail would not allow federal detainees adequate access to legal materials; (2) the City of Jennings "supported the policy and custom" of Joseph Zaloposki, the Director of Public

Safety, to enter into a contract with the Jennings City Jail, knowing that the Jail would not allow federal detainees adequate access to legal materials; (3) the City of Jennings "supported the policy and custom" of Eugene Neal, the Director of Corrections for the Jennings City Jail, "to order his staff to open and read federal detainees' legal mail" outside of their presence, and "to deny Muslim/Moslems an equal opportunity to practice their Islamic faith" by failing to provide, *inter alia*, an area to congregate for worship, a visual clock or prayer schedule, "final call" newspapers, and prayer rugs; and (4) the City of Jennings "supported the policy and custom" of Rick Crimb and Ashley Goad, two correctional officers at the Jennings City Jail, "to deny the plaintiff the right to a[n] Islamic pre-dawn meal" during the month of Ramadan.[1]

## Discussion

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The instant action cannot be maintained against the DOJ, because the complaint fails to set forth sufficient facts to show that the DOJ

---

[1] The Court notes that on October 7, 2013, plaintiff filed a 42 U.S.C. § 1983 lawsuit against Eugene Neal and Ashley Goad, alleging that defendants violated his First Amendment right to practice his Muslim religion by denying him pre-dawn meals during Ramadan, a Quran, an area to congregate for prayer, and clocks. *See Speed v. Neal*, No. 4:13-CV-2001-HEA (E.D. Mo.). The case is presently pending in this Court.

was acting under color of state law, and § 1983 does not apply to federal officials acting under color of federal law. *See Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C.Cir. 2005); *see also Alexander v. Hedback*, No. 12-2834, slip op. at 5-6 (8th Cir. June 28, 2013) (no error in the dismissal of plaintiff's § 1983 claim against federal defendants; District Court did not abuse its discretion in failing to construe amended complaint as alleging a *Bivens* claim). As such, the Court will dismiss this action as legally frivolous as to the DOJ.

With regard to the City of Jennings, the Court notes that although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent factual allegations that unlawful actions were taken pursuant to a municipality's unconstitutional policy or custom. *Id*. at 694; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). Plaintiff's bald claims that defendants "supported the policy and custom" of various individuals connected with the Jennings City Jail are wholly conclusory and insufficient to state a claim under § 1983.[2]

---

[2] A "policy" is an official policy, a deliberate choice of a guiding principal or procedure made by the municipal official who has final authority regarding such matters. Plaintiff has not identified an official policy that arguably played a role in

As an additional ground for dismissing this action, the Court finds that plaintiff's summary allegation that he "was deprived of . . . access to a law library to present a[n] accurate legal defense in Case No. 4:13-CR-295-RWS where he is [a] pro se lawyer," standing alone, does not state an access-to-the-courts claim, because plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).[3]

---

the denial of his constitutional rights. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. *Mettler v Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). The elements of a cause of action pursued under the "custom" theory are: (1) the existence of a continuing wide spread persistent pattern of unconstitutional misconduct by the governmental entities employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policy making officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entities custom, *i.e.* proof that the custom was the moving force behind the constitutional violation. *Id.* Plaintiff has failed to allege any facts that show a municipal custom in this case.

[3] Taking judicial notice of *United States v. Speed*, No. 4:13CR295-RWS-1, the Court further notes that on July 12, 2013, following Mr. Speed's arrest, a federal public defender was appointed to represent him. On July 15, 2013, the Court granted Mr. Speed's motion to represent himself, with public defender assistance. Mr. Speed entered a plea of not guilty, and the Court granted him additional time to investigate and file his pretrial motions. Thereafter, Mr. Speed filed numerous motions, to which the government was ordered to respond. A superseding redacted indictment was filed on November 13, 2013, to which Mr. Speed pleaded not guilty. On November 15, 2013, Mr. Speed informed the Court that no additional pretrial motions would be filed; a jury trial was set for January 6, 2014. On January 8,

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of April, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

---

2014, Mr. Speed was found guilty on Count 1 of being a felon in possession of a firearm, and he was found not guilty on Count 2. On April 4, 2014, Mr. Speed was sentenced to eighty-four months' imprisonment. On April 8, 2014, the Court granted Mr. Speed's appointed federal public defender's motion to withdraw and also granted Mr. Speed's request for appointment of counsel on appeal. Mr. Speed's appeal is currently pending in the United States Court of Appeals for the Eighth Circuit. The Court finds no indication that plaintiff attempted, but was unable, to timely file a motion or present a viable, nonfrivolous defense in his underlying criminal trial, and he asserts no such factual allegations in the instant § 1983 complaint.